UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLIES RAFAEL FERNANDEZ
OSPINO,

       Petitioner,

   v.                         Case No.:  2:26-cv-01536-SPC-NPM

IMMIGRATION AND CUSTOMS
ENFORCEMENT *et al.*,

       Respondents,

                                     /

## OPINION AND ORDER

Before the Court are Charlies Rafael Fernandez Ospino's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Fernandez Ospino is a native and citizen of Venezuela who entered the United States on June 12, 2022.  U.S. Border Patrol briefly detained him, then paroled him into the country.  Fernandez Ospino has complied with all terms of parole, and he has no criminal history.  He currently resides in Florida with his wife, and he has work authorization and a pending asylum application.  On April 14, 2026, Fernandez Ospino reported to Immigration and Customs Enforcement ("ICE") for an appointment.  ICE arrested him without explanation and detained him at Alligator Alcatraz.  Since his detention, Fernandez Ospino learned his wife is pregnant.

Fernandez Ospino filed his habeas petition on May 8, 2026. It is organized into four grounds, but three of them make the same basic assertion—that ICE's detention of Fernandez Ospino violates the Fifth Amendment because it is arbitrary, unreasonable, and unrelated to any legitimate governmental purpose. For that reason, Fernandez Ospino seeks immediate release from ICE custody. Alternatively, he argues he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a). The Court ordered the government to respond to all allegations, grounds, and arguments, but the government only addressed Fernandez Ospino's alternative claim for a bond hearing. It argues Fernandez Ospino's habeas petition is moot because an immigration judge conducted a bond hearing on May 14, 2026. The judge denied release on bond with a two-word order—"Flight risk[.]" (Doc. 6-4).

The government's mootness argument is only partially correct. Fernandez Ospino remains in ICE detention, and his Fifth Amendment claim challenging that detention still "presents a live controversy with respect to which the court can give meaningful relief." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). Fernandez Ospino's alternative request for a bond hearing is the only part of the case that is now moot.

Because Fernandez Ospino's due process claim presents a live controversy, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process

2

of law[.]" U.S. Const. amend. V.  The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).  It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted).  Immigration detention generally has two regulatory goals: "ensuring the appearance of aliens at future immigration proceedings and preventing danger to the community." *Id.* (cleaned up).

The government's response does not identify any justification for Fernandez Ospino's detention.  The undisputed evidence shows that he has diligently participated in his immigration case and has ample incentive to appear for future proceedings—a pregnant wife, lawful employment, and a pending asylum application that could result in lawful permanent residence. What is more, ICE arrested Fernandez Ospino when he voluntarily appeared for an appointment related to his case.  The evidence likewise demonstrates

that Fernandez Ospino is not a danger to the community.  He has no criminal record whatsoever.

In sum, Fernandez Ospino made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no justification for his detention.

Accordingly, it is hereby

**ORDERED**:

Charlies Rafael Fernandez Ospino's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)    Within 24 hours of this Order, the government shall release Fernandez Ospino and give him telephone access so he can arrange transportation from the detention facility.

(2)    The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on May 28, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties or Record

4